**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AIKEN J. EDWARDS,

    *Plaintiff*,

v.

COMENITY CAPITAL BANK,

    *Defendant*.

Civil Action No. 22-7433

**OPINION & ORDER**

Plaintiff seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* but **DISMISSES** the Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

1

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Plaintiff alleges that he has recently been denied credit cards, loan applications, and apartments because his credit report indicates high utilization. Compl. at 3, D.E. 1. Plaintiff pleads that he checked his credit score in November 2022, and the report indicated that he had an open balance of $1,275 in an account with Defendant Comenity Capital Bank ("Comenity"). The report indicated that the credit limit for the account was $1,100. Compl. at 3. Plaintiff indicates that his

2

last statement for this account showed a balance of $1,048 with a credit limit of $4,700. *Id*. Plaintiff pleads that called Comenity after checking his credit report. A Comenity representative told him that the account currently had a zero-dollar balance, was closed and that the account was sold to collections as of June 13, 2022. *Id*. The representative also told Plaintiff that nobody tried to collect on the outstanding amount due because Comenity did not have a phone number or email address for Plaintiff. *Id*. Plaintiff seeks monetary damages and for the Comenity account to be deleted from his credit report and all three credit reporting agencies. *Id*. at 4.

While not explicitly stated, Plaintiff appears to seek relief under the Fair Credit Reporting Act ("FCRA"). The FCRA "was crafted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010) (quoting *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)). The FCRA imposes obligations on credit reporting agencies, in addition to furnishers of information to credit reporting agencies, such as banks and lenders. *Seamans v. Temple Univ.*, 744 F.3d 853, 861 (3d Cir. 2014). Defendant is a furnisher under the FCRA.

The FCRA requires furnishers to, amongst other things, provide accurate information and imposes a duty on furnishers to investigate disputed information. 15 U.S.C. § 1681s-2. Consumers have a private right of action against a furnisher only for the furnisher's failure to investigate a dispute. But a furnisher's obligations are only triggered after the furnisher receives notice of a dispute from a consumer reporting agency, not a consumer. 15 U.S.C. § 1681s-2(b) In other words, a consumer cannot sue a furnisher without first raising a dispute with a credit reporting agency, who in turn notifies the furnisher. *Dimedio v. HSBC Bank*, No. 08-5521, 2009 WL 1796072, at *3 (D.N.J. June 22, 2009) ("Plaintiff has not alleged that he gave any notice of disputed

3

information to a consumer reporting agency or that a consumer reporting agency notified the Defendant of this dispute and therefore Plaintiff has not stated a claim under the FCRA for which relief may be granted."); *see also Wyche v. Synchrony Bank*, No. 21-11589, 2022 WL 17340725, at *2 (D.N.J. Nov. 30, 2022) (explaining that "the furnisher's duty to investigate is not triggered until it receives notice from the credit reporting agency of the consumer's dispute"). Here, Plaintiff does not allege that he disputed the Comenity information in his credit report with the credit reporting agency. Rather, Plaintiff appears to have reached out directly to Defendant, the furnisher, to make a dispute. But Plaintiff cannot seek relief against Defendant without first disputing information with the credit reporting agency. Plaintiff, therefore, fails to state a claim against Defendant under the FCRA. Plaintiff's Complaint is dismissed under Section 1915(e)(2)(B)(ii).

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Because Plaintiff is proceeding *pro se* and this is the Court's initial screening, the Court will provide Plaintiff with an opportunity to file an amended complaint. The Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein. Plaintiff must set forth the basis for his claims and provide plausible factual allegations. If Plaintiff seeks to bring suit under the FCRA, Plaintiff must demonstrate that he made a dispute with a credit reporting agency and Defendant failed to adhere to its duties after being notified of the dispute. If Plaintiff does not

submit an amended complaint curing these deficiencies within thirty (30) days, this matter will be closed.

Consequently, for the reasons set forth above and for good cause shown,

IT IS on the 17th day of January, 2023

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 US.C. § 1915(e)(2)(B) for failure to state a claim.  Plaintiff, however, is granted leave to file an amended complaint within thirty (30) days; and it is further

**ORDERED** that the Clerk shall serve this Opinion & Order upon Plaintiff by regular mail and certified mail return receipt.

_____
JOHN MICHAEL VAZQUEZ, U.S.D.J.